# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| KEENAN THOMAS, | ) |
| | ) |
| Movant, | ) |
| | ) |
| v. | ) No. 4:18-cv-2011-CDP |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This matter is before me on movant Keenan Thomas's response to my December 11, 2018 Order directing him to show cause why his motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255 should not be dismissed as untimely. After reviewing and considering movant's response, I have determined to dismiss the motion without further proceedings.

**Background**

On March 25, 2015, movant pleaded guilty to being a felon in possession of a firearm. *U.S. v. Thomas,* No. 4:15-cr-3-CDP. Movant was deemed an armed career criminal due to his prior convictions for second-degree burglary under section 569.170 of the Revised Statutes of Missouri. On September 9, 2015, I sentenced movant to a total of 188 months' imprisonment. However, movant's sentence was not enhanced under the Armed Career Criminal Act ("ACCA") because his offense level was already above the ACCA provision before any Chapter Four enhancements were to be considered. Movant did not seek direct review.

More than three years later, on November 20, 2018,[1] movant filed the instant motion to vacate brought pursuant to 28 U.S.C. § 2255. On December 11, 2018, I entered an order in

---

[1] Movant indicates that he signed the instant motion on November 20, 2018, and it was filed in this Court on November 29, 2018. Applying the prison mailbox rule, *Nichols v. Bowersox*, 172 F.3d 1068, 1077 (8th Cir. 1999), and giving movant the benefit of the doubt, *Beery v. Ault*, 312 F.3d 948, 950 (8th Cir.

which I determined that the motion was untimely. In reaching that determination, I noted that the motion could not be considered timely under 28 U.S.C. § 2255(f)(3) because the ACCA was not used to enhance movant's sentence, and *Johnson v. U.S.*, 135 S. Ct. 2551 (2015) and its progeny are therefore inapplicable. I directed movant to show cause why I should not dismiss his motion as time-barred.

In response, movant can be understood to argue that his late filing is permitted under application of § 2255(f)(3), inasmuch as he is entitled to resentencing pursuant to *Johnson* and *Mathis v. U.S.*, 136 S. Ct. 2243 (2016). Movant argues that his prior convictions for second-degree burglary under section 569.170 of the Revised Statutes of Missouri were used to deem him an armed career criminal, but that those offenses no longer qualify as predicate offenses under the ACCA. Movant acknowledges that he was previously told by me, the Assistant United States Attorney, and his own attorney that *Johnson* did not apply to his case, and that this is why he did not appeal. He states he believes his attorney rendered ineffective assistance by telling him that. He avers that he has researched the matter, and believes that *Johnson* does apply to him. Attached to movant's response is a copy of the Statement of Reasons. Movant circled my statement that I had considered *Johnson* and determined it would have no effect on his sentence, and he also circled language describing the nature of his offenses as "Felon in Possession of a Firearm – Armed Career Criminal." (Docket No. 4, attch. 1 at 3). He asks me to look further into this matter.

### Discussion

As explained above, because movant's offense level was already above the ACCA provision before any Chapter Four enhancements were to be considered, the ACCA played no

---

2002), I determine the instant motion to have been filed on November 20, 2018, the date movant avers that he signed it.

role in movant's sentence. Because the ACCA played no role in movant's sentence, *Johnson* and its progeny do not afford movant any relief from his sentence. I therefore conclude that movant's motion, filed more than one year after his convictions and sentences became final, is untimely.

Movant can be understood to argue entitlement to equitable tolling due to his attorney's ineffectiveness. The one-year statute of limitation may be equitably tolled if movant shows that he had been diligently pursuing his rights, and some "extraordinary circumstance" stood in his way and prevented timely filing. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) (applicable to § 2254 petitions). The Eighth Circuit has recognized that the doctrine of equitable tolling applies to § 2255 motions. *U.S. v. Martin*, 408 F.3d 1089, 1092 (8th Cir. 2005). Equitable tolling is an extraordinary remedy used only in rare circumstances, and "affords the otherwise time-barred petitioner an exceedingly narrow window of relief." *Jihad v. Hvass*, 267 F.3d at 803, 805 (8th Cir. 2001). Application of equitable tolling "must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." *Id.* at 806 (quoting *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000)).

Equitable tolling is available in cases of attorney misconduct, but only where "an attorney's behavior may be so outrageous or so incompetent as to render it extraordinary." *Martin*, 408 F.3d at 1093 (internal quotation omitted). Here, movant makes no attempt to demonstrate that he was diligently pursuing his rights. However, even assuming that he could so demonstrate, he could not demonstrate that his attorney's behavior was so outrageous or incompetent as to render it extraordinary. For the reasons discussed above, movant's attorney did not err when he told movant that *Johnson* would have no effect on his sentence. There is therefore no basis to conclude that counsel's behavior met the applicable standard. I therefore conclude that movant has failed to demonstrate entitlement to equitable tolling.

3

Having determined that the motion was untimely filed, and having considered movant's response, I will dismiss the motion pursuant to Rule 4(b) of the Rules Governing Section 2255 proceedings in the United States District Courts. *See Day v. McDonough*, 547 U.S. 198, 210 (2006) (a district court may consider, on its own initiative, whether a habeas action is time-barred, but must provide notice to the movant before dismissing it as such).

I have considered whether to issue a certificate of appealability. To do so, I must find a substantial showing of the denial of a federal constitutional right. *See Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). A substantial showing is a showing that issues are debatable among reasonable jurists, a Court could resolve the issues differently, or the issues deserve further proceedings. *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997) (citing *Flieger v. Delo*, 16 F.3d 878, 882–83 (8th Cir. 1994)). Movant herein has made no such showing, and I will therefore not issue a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** that movant Keenan Thomas's motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255 is **DISMISSED**. A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue.

Dated this 21st day of December, 2018.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE