UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KEENAN THOMAS, | ) |
| | ) |
| Movant, | ) |
| | ) |
| v. | ) No. 4:18-cv-2011-CDP |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM AND ORDER**

This matter is before me on movant Keenan Thomas's motion for reconsideration, asking me to reconsider my December 21, 2018 decision to dismiss his case. For the reasons explained below, I will deny the motion.

**Background**

On March 25, 2015, movant pleaded guilty to being a felon in possession of a firearm. *U.S. v. Thomas,* No. 4:15-cr-3-CDP. Movant was deemed an armed career criminal due to his prior convictions for second-degree burglary under section 569.170 of the Revised Statutes of Missouri. On September 9, 2015, I sentenced movant to a total of 188 months' imprisonment. However, movant's sentence was not enhanced under the Armed Career Criminal Act ("ACCA") because his offense level was already above the ACCA provision before any Chapter Four enhancements were to be considered. Movant did not seek direct review.

More than three years later, on November 20, 2018,[1] movant initiated this civil action by filing a motion pursuant to 28 U.S.C. § 2255. On December 11, 2018, I entered an order in

---

[1] Movant indicates that he signed the instant motion on November 20, 2018, and it was filed in this Court on November 29, 2018. Applying the prison mailbox rule, *Nichols v. Bowersox*, 172 F.3d 1068, 1077 (8th Cir. 1999), and giving movant the benefit of the doubt, *Beery v. Ault*, 312 F.3d 948, 950 (8th Cir. 2002), I determine the instant motion to have been filed on November 20, 2018, the date movant avers that he signed it.

which I determined that the motion was untimely. In reaching that determination, I noted that the motion could not be considered timely under 28 U.S.C. § 2255(f)(3) because the ACCA was not used to enhance movant's sentence, and *Johnson v. U.S.*, 135 S. Ct. 2551 (2015) and its progeny were therefore inapplicable. I directed movant to show cause why I should not dismiss his motion as time-barred. Movant filed a timely response, but failed to demonstrate cause why I should not dismiss his motion as time-barred. I therefore dismissed his motion, and he now seeks reconsideration of that decision. In support, he states he feels he should be entitled to relief because he "was enhanced" due to his prior burglary convictions. However, he also acknowledges he was not sentenced as an armed career criminal. Movant also asks to be provided copies of the plea agreement and presentence investigation report from his criminal case.

## Discussion

Movant did not frame his motion under the Federal Rules of Civil Procedure, but it is the functional equivalent of a motion under either Rule 59(e) or 60(b). Rule 59(e) motions "serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence," and allow a court to correct its own mistakes in the time immediately following judgment. *Innovative Home Health Care, Inc. v. P.T.-O.T. Associates of the Black Hills*, 141 F.3d 1284, 1286 (8th Cir. 1998). Rule 60(b) provides for "extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances," and allows a court to "relieve a party from a final judgment for, among other reasons, mistake, inadvertence, surprise, or excusable neglect." *MIF Realty L.P. v. Rochester Associates*, 92 F.3d 752, 755 (8th Cir. 1996), *U.S. Xpress Enterprises, Inc. v. J.B. Hunt Transport, Inc.*, 320 F.3d 809, 815 (8th Cir. 2003) (internal citation omitted). Such motions do not allow a party to re-litigate matters

previously resolved by the court, or offer arguments or evidence that could have been presented prior to the entry of judgment, unless good cause is shown for such failure. *Holder v. United States*, 721 F.3d 979, 986 (8th Cir. 2013); *Innovative Home Health Care*, 141 F.3d at 1286.

I have reviewed the motion, and will decline to alter or amend my prior judgment. The motion fails to point to any manifest errors of law or fact or any newly discovered evidence, and it fails to set forth any exceptional circumstances justifying relief. Instead, the motion can be said to simply revisit old arguments, which I have previously addressed. Movant is therefore not entitled to reconsideration of the dismissal of this action, and the motion will be denied.

Movant also asks to be provided copies of the plea agreement and presentence investigation report from his criminal case. However, the Court does not typically provide free service copies of documents, especially when the requesting party does not have a case currently pending before the Court. In addition, there was no plea agreement filed in movant's case, and the presentence investigation report is a sealed document, which the Court typically does not provide to prisoners. Movant's request for documents is denied.

Accordingly,

**IT IS HEREBY ORDERED** that movant's motion for reconsideration (Docket No. 7) is **DENIED** in all respects**.**

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue.

Dated this 4th day of January, 2019.

CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE